IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL ALEXANDER LAJEUNESSE,<br><br>Petitioner,<br><br>v.<br><br>JEREMY LARSON, Warden,<br><br>Respondent. | No. 4:20-cv-00188-RP<br><br><br><br>**ORDER DISMISSING PETITION** |

Petitioner Michael Alexander Lajeunesse brought this petition for habeas corpus relief under 28 U.S.C. § 2254. ECF No. 1. He is challenging his 2017 state court conviction for attempted murder and serious assault in *State v. Lajeunesse*, No. 17-0507, 2018 Iowa App. LEXIS 188 (Iowa Ct. App. Feb. 21, 2018). This Court takes judicial notice of the state court proceedings involving Lajeunesse. *See United States v. Schneider*, 905 F.3d 1088, 1092 n.1 (8th Cir. 2018) (citing *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (federal courts may take notice of judicial opinions and public records).

**I.     PROCEDURAL BACKGROUND**

Lajeunesse's conviction was affirmed on direct appeal by the Iowa Court of Appeals. *Lajeunesse*, 2018 Iowa App. LEXIS 188. The Court of Appeals only ruled on Lajeunesse's sufficiency of the evidence claims, *id.* at *2–10, and reserved for postconviction relief his claims of ineffective assistance of counsel and other pro se challenges to the adequacy of trial counsel's representation. *Id.* at *12–15.

In 2018, Lajeunesse filed a postconviction relief action in state district court. *Lajeunesse v. State*, PCCE082903 (Iowa Dist. Ct. Polk Cty. April 4, 2018). There Lajeunesse alleged (1) ineffective assistance of trial counsel for failing to adequately cross-examine the victim, and (2) ineffective

assistance of appellate counsel for failing to argue the injuries of the victim were not sufficient to show serious injury. Order 1–2, *id.* (entered Sept. 10, 2019). Following an evidentiary hearing, the state court found no ineffective assistance of either trial or appellate counsel. *Id.* at 5–6. Lajeunesse filed a notice of appeal. *Id.* (No. 19-1715 entered Oct. 9, 2019). The appeal in this case is still pending.

On December 6, 2019, Lajeunesse filed a second postconviction relief action. *See Lajeunesse v. State*, PCCE 085430 (Dec. 6, 2019 Iowa Dist. Ct. Polk Cty.). There he claimed his postconviction relief counsel was ineffective. Postconviction Relief App. 1, *id.*, (entered Dec. 6, 2019). Currently, trial in this matter is set for November 20, 2021. Order, *id.* (entered Oct 6, 2020).

On June 12, 2020, Lajeunesse filed this petition for federal habeas relief under 28 U.S.C. § 2254. Pet., ECF No. 1. The Court was unable to determine what claims were being asserted and directed Lajeunesse to amend his petition. Order 1-2, ECF No. 6. Lajeunesse amended his petition, alleging his conviction should be overturned based on (1) sufficiency of the evidence because the victim did not have any serious injury; (2) ineffective assistance of counsel for failing to retain an intoxication expert; (3) all the issues raised in his pro se supplemental brief on direct appeal; and (4) violation of his Fourteenth Amendment rights based on wrongful suppression of medical records by court officers. Pet'r's Amend. Pet. 5–10, ECF No. 8.

It was still unclear to the Court as to whether Lajeunesse had fully exhausted his asserted claims before the state courts. Order 2, ECF No. 11. Rather than have Lajeunesse file another pro se response, the Court appointed counsel to file an amended petition to address this issue. *Id.* Counsel filed a notice of appearance. ECF No. 12. Counsel sought several extensions of time to file the amended petition, but ultimately the Court granted the request of both counsel and Lajeunesse for counsel to withdraw due to a breakdown in the attorney-client relationship. Order, ECF No. 39.

On January 21, 2021, the Court then held a telephone hearing where Lajeunesse spoke to the Court directly about the claims he is bringing in this § 2254 proceeding. Minute Entry, ECF No. 47.

The Court now has sufficient information upon which to conduct an initial review of Lajeunesse's claims and does so below.

## II.   STANDARD OF REVIEW

If it plainly appears from the face of the petition and any exhibits annexed to it that a petitioner is not entitled to relief, the Court shall summarily dismiss the petition; otherwise the respondent shall be ordered to file an answer to the petition, and further proceedings shall be had. 28 U.S.C. § 2254; Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## III.   DISCUSSION

### A.   Exhaustion in General

Before a petitioner may obtain federal habeas corpus review, he must exhaust his federal claims in the appropriate court. 28 U.S.C. § 2254(b), (c). The purpose of exhaustion is to provide state courts an opportunity to decide the merits of the constitutional issues raised. *See Murphy v. King*, 652 F.3d 845, 849 (8th Cir. 2011) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (further quotations omitted). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), which in Iowa requires a petitioner to seek further review before the Iowa Supreme Court of the claim he wishes to raise in a federal habeas petition. *Welch v. Lund*, 616 F.3d 756, 760 (8th Cir. 2010) (describing Iowa's "deflective appellate structure" and relying on *O'Sullivan*, 526 U.S. at 845).

In general, where the petitioner "currently has a state avenue available for raising his claims, a federal court, in the interest of comity, must generally abstain from intervening. This time-honored rule has developed over several decades of cases, always with the goal of respecting the States' interest in passing first on their prisoners' constitutional claims in order to act as the primary guarantor of those prisoners' federal rights, and always separate and apart from rules of waiver." *O'Sullivan*, 526 U.S. at 851 (1999) (Stevens, J., dissenting). While a federal court may "sometimes appropriately interfere by habeas corpus in advance of final action" by the State, such cases are "exceptional" and must be of "great urgency." *Id*. at 851-52 (quoting *Uruhart v. Brown*, 205 U.S. 179, 182 (1907)).

### B. As Applied to Lajeunesse

In his petition, Lajeunesse reasserts his claim of sufficiency of the evidence as well as three other broader claims that encompass multiple claims ineffective assistance of counsel, prosecutorial misconduct, and violations of the Fourteenth Amendment. ECF No. 8 at 5–10. The Iowa Court of Appeals denied the sufficiency of evidence claim, and Lajeunesse states he sought further review of this decision from the Iowa Supreme Court. *See* ECF No. 1 at 2, 4–5. Thus, it appears the sufficiency of the evidence claim is fully exhausted.

Nonetheless, the other claims which were raised in his postconviction relief actions are still pending. As such, Lajeunesse has presented to the Court a "mixed" petition, that is, one with both exhausted and non-exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Generally, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Id*. at 522. In some limited circumstances, a Court may stay the case while the petitioner returns to state court to finish the exhaustion process, but only where the petitioner demonstrates (1) good

cause for his failure to exhaust, (2) the unexhausted claims are "potentially meritorious," and (3) there is no indication of "intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). Lajeunesse has not argued, much less demonstrated, any of these factors in support of a stay.

Where "stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would reasonably impair the petitioner's right to obtain federal relief." *Id*. at 278. The Court does not find dismissal would impair Lajeunesse's right to obtain federal relief. In fact, although Lajeunesse could dismiss his unexhausted claims, in doing so he may be abandoning any later opportunity for federal review.[1] *See* 28 U.S.C. § 2244(b)(2)("claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless it meets exceptions and has approval from appropriate court of appeals).

On the other hand, the record shows his postconviction relief actions are already filed which tolls the applicable one-year statute of limitations for § 2254 cases. *See Painter v. Iowa*, 247 F.3d 1256 (8th Cir. 2001) ("The limitation is tolled during 'the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"). Thus, dismissal of his claims without prejudice would not unreasonably jeopardize future access to review of his exhausted claims. *See Johnson v. Hobbs*,

---

[1] At the hearing, Lajeunesse informed the Court he would be willing to proceed solely with the sufficiency of the evidence claims and the other claims raised on direct appeal. This does not resolve the issue of the petition containing mixed claims. Although Lajeunesse *raised* the claims of ineffective assistance of counsel and other pro se claims before the Iowa Court of Appeals, they were not decided by the Court of Appeals but specifically reserved for him to raise on postconviction relief. *See Lajeunesse*, 2018 Iowa App. LEXIS 188 at *12–15.

678 F.3d 607, 612 (8th Cir. 2012) (citing *White v. Dingle*, 616 F.3d 844, 848–49 (8th Cir. 2010) (avoid dismissal without prejudice if it would unreasonably jeopardize petitioner's access to review of exhausted claims).

For the reasons set forth above, the Court finds the petition must be dismissed. The dismissal is without prejudice to Lajeunesse filing a new § 2254 petition when he has fully exhausted in state court each of the claims he seeks to bring for federal habeas review.

## V.  CONCLUSION

The petition for writ of habeas corpus is **DISMISSED** without prejudice to Lajeunesse filing a new § 2254 action after he has fully exhausted all state court remedies on all claims sought to be raised in a federal habeas petition.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, the district court must issue or deny a certificate of appealability when it enters a final order adverse to [a petitioner]. A certificate of appealability may issue... only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Such a showing means petitioner must demonstrate that reasonable jurists would find the district courts assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To the extent necessary, the Court concludes Lajeunesse has not made a substantial showing of the denial of a constitutional right, and therefore, the Court **DENIES** a certificate of appealability. Lajeunesse may request issuance of a certificate of appealability by a judge on the Eighth Circuit Court of Appeals. See Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated this ___25th___ day of January 2021.

*Robert W. Pratt*
_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT